IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIE KRUNOSKY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0508-WS-C |
| | ) |
| GENESIS GROUP RESTAURANTS, | ) |
| LLC, etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter is before the Court on the defendant's motion in limine concerning "me, too" evidence. (Doc. 57). The plaintiff has filed a response and the defendant a reply, (Docs. 61, 64), and the motion is ripe for resolution.

    The plaintiff's sole surviving claim is that she was subjected to a racially hostile work environment, which resulted in her constructive discharge. At the time of her separation from employment on or about November 11, 2005, she was employed as first assistant manager of the defendant's Highland Avenue store. The plaintiff, who is white, seeks to introduce evidence that white store manager Stephen Chance was terminated by the defendant because of his race in late September 2005 and that white second assistant manager Patricia Carter was transferred to the defendant's Wal-Mart store because of her race in mid-September 2005. (Doc. 61 at 2-3).

    One means of proving a case of purposeful discrimination is by showing a "pattern and practice" of discrimination. To do so, "the plaintiff must show that intentional discrimination was the employer's standard operating procedure." *Cooper v. Southern Co.*, 390 F.3d 695, 716 (11th Cir. 2004) (internal quotes omitted). The plaintiff can make this showing "through a combination of statistics and anecdotes." *Id.* (internal quotes omitted). The plaintiff has no statistics, and she has only two anecdotes to add to her own

story.  One of those is facially irrelevant to her theory that the defendant's actions "were ultimately directed at terminating, discharging and/or disciplining" these three white employees, (Doc. 61 at 4, ¶ 17), since Carter was neither discharged nor disciplined but merely transferred to a comparable position at another store.  The plaintiff's proposed evidence is thus inadequate to support a claim of pattern and practice.

The plaintiff argues that her evidence is nevertheless admissible pursuant to *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991).  The *Busby* Court held that a lower court abused its discretion by excluding evidence that a co-worker had been racially harassed and discriminated against, because such evidence supported the plaintiff's claim that the defendant had a policy of racial discrimination.  *Id*. at 786.  In *Busby*, however, the plaintiff also relied on statistical evidence to show the existence of a policy of discrimination.  *Id*. at 782-84.  Thus, *Busby* does not support the proposition that any single anecdotal tale of discrimination against another member of the plaintiff's classification is admissible.

Finally, the plaintiff suggests that the evidence is admissible under Rule 404(b) in order to show the defendant's motive, intent or plan.  (Doc. 61 at 1, 3 ¶ 13).  "More generally, courts are reluctant to consider 'prior bad acts' in this [employment discrimination] context where those acts do not relate directly to the plaintiffs."  *Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001).   When the evidence involves a kind of alleged discrimination different from that alleged by the plaintiff, "the evidence [may be] likely to confuse the issues for the jury and unfairly prejudice the defendants."  *Lewis v. Department of Transportation*, 187 Fed. Appx. 961, 961-62 (11th Cir. 2006) (upholding the exclusion of prior instances of discrimination against others, in part because the plaintiff claimed failure to promote, not retaliation or hostile work environment); *accord Chavis v. Clayton County School District*, 147 Fed. Appx. 865, 866-68 (11th Cir. 2005) (upholding the exclusion of other instances of discrimination against others, because the plaintiff claimed retaliation and the other instances involved

failure to promote).  In line with these authorities, the Court concludes that any probative value the plaintiff's proffered evidence may have in showing the defendant's motive, intent or plan to "terminat[e], discharg[e] and/or disciplin[e]" these three white employees is substantially outweighed by the risk of unfair prejudice and juror confusion and therefore should be excluded pursuant to Rule 403.

For the reasons set forth above, the defendant's motion in limine is **granted**.

DONE and ORDERED this 6th day of November, 2007.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE